# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

David M. Zionts

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5987
dzionts@cov.com

May 7, 2025

**VIA CM/ECF**

Clifton Cislak
Clerk of Court,
United States Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

RE:     En Banc Petition in *RFE/RL, Inc. v. Kari Lake, et al.*, No. 25-5158

Dear Mr. Cislak:

A divided panel has now granted a stay pending appeal in this case.  Consistent with its *en banc* petition, RFE/RL respectfully reiterates its request that its petition for initial hearing *en banc* be "construe[d] … as a petition for rehearing *en banc*."  Pet. 2. Rehearing is warranted for the reasons explained in the petition, as well as Judge Pillard's dissent, which correctly notes that RFE/RL's circumstances "underscore the fallacy at the heart of the government's position."  *RFE/RL* Dissent 1.

In addition to relying on the Tucker Act, the panel opined that the district court lacked a basis to "bind[] the agency" to prior grant terms.  *RFE/RL* Order 3.  As Judge Pillard explained, the district court's "grant of incremental and limited relief" was "amply justified."  *RFE/RL* Dissent 6.  On the panel's view, in the face of Defendants' transparent efforts to destroy RFE/RL by insisting without flexibility on unlawful and unworkable grant terms, there is simply nothing the district court could have done to restore RFE/RL's statutory right to a bona fide grant agreement and to appropriated funds that "shall be allocated" to it.  That cannot be right.

Moreover, Defendants did not clearly raise this argument in their stay motion, which focused instead on final agency action and jurisdiction.  Nor is such an argument preserved for appeal.  In the district court, RFE/RL squarely claimed that Defendants' denial of an April agreement was arbitrary and capricious, and requested an order that Defendants enter into such an agreement on the same terms as the prior month.  In their opposition, Defendants did not address the merits of that claim at all, much less question the district court's authority to enter the requested order.  An unpreserved

**COVINGTON**

May 7, 2025
Page 2

argument should not be the basis for a death sentence for an organization that Congress specifically decided should continue receiving funding.

It is "undisputed that RFE/RL 'will have no choice but to close down the vast majority of the organization'" this month if its funding is not released. *RFE/RL* Dissent 4. In these extraordinary circumstances, RFE/RL respectfully reiterates its request that the *en banc* Court intervene.

Respectfully submitted,

/s/ David M. Zionts

*Counsel for Plaintiff-Appellee
RFE/RL Inc.*

cc:      All counsel of record (via CM/ECF)