**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

David M. Zionts

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5987
dzionts@cov.com

May 15, 2025

**VIA CM/ECF**

Clifton Cislak
Clerk of Court
United States Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

> RE:   *RFE/RL, Inc. v. Kari Lake, et al.*, No. 25-5158: Response to Government's Letter of May 14, 2025

Dear Mr. Cislak:

The government asserts that it "intends to move to dismiss the *RFE/RL v. Lake* appeal as moot." That is perplexing, at least as to the aspect of the TRO requiring the government to enter into an agreement covering April 2025. The government argues its appeal is moot because "[t]he Agency entered into such a grant agreement." It neglects to mention *when* the agency did so: no later than 4:08pm on May 1 (when it transmitted the executed agreement to RFE/RL). That is the same day the government filed this appeal, before the special motions panel entered an administrative stay, and nearly a week before the panel granted the stay. In that entire time, the government never suggested to this Court that its appeal of that aspect of the order was moot.

To the contrary, the government urged the Court to stay that aspect of the order *despite* its entry into the agreement. In its opposition to initial hearing *en banc*, filed on May 6, the government stated it "has complied with the requirement that it enter into a new agreement," but "still seeks a stay of that aspect of the order, which could have a continuing effect on the relationship between the parties." The next day, the panel decided the stay motion as the government had requested, with no member of the panel suggesting mootness.

Notwithstanding the government's unacknowledged change of position, it was right the first time: this aspect of the order could have a continuing effect on the parties' relationship, and so the appeal is not moot. Even if it were, the capable-of-repetition-yet-evading-review exception would apply: Defendants are still refusing to enter into a lawful

and reasonable agreement, the district court has not yet ruled on a preliminary injunction, and RFE/RL may therefore need to seek a TRO for May similar to the April TRO.

The Court should proceed to decide RFE/RL's petition for rehearing *en banc* and deny the stay. If, however, the Court considers the appeal moot, at minimum it should vacate the panel's stay order. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

Respectfully submitted,

/s/ David M. Zionts

*Counsel for Plaintiff-Appellee RFE/RL, Inc.*

cc: All counsel of record (via CM/ECF)