**[ORAL ARGUMENT NOT SCHEDULED]**

No. 25-5158

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————

RFE/RL, INC.,

    Plaintiff-Appellee,

v.

KARI LAKE, *et al.*,

    Defendants-Appellants.

———————

**OPPOSED MOTION FOR VOLUNTARY DISMISSAL**

———————

  YAAKOV M. ROTH
   *Acting Assistant Attorney General*

  ERIC D. MCARTHUR
   *Deputy Assistant Attorney General*

  MARK R. FREEMAN
  DANIEL TENNY
  ABIGAIL STOUT
  BENJAMIN C. WEI
   *Attorneys*
   *Civil Division, Room 7215*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-1838*
   *daniel.tenny@usdoj.gov*

## OPPOSED MOTION FOR VOLUNTARY DISMISSAL

Pursuant to Federal Rule of Appellate Procedure 42(b)(2), Defendants-Appellants respectfully move to dismiss this appeal, which arises from the district court's temporary restraining order, with each party to bear their own costs.  Counsel for Defendants conferred with counsel for Plaintiff-Appellee, and Plaintiff's counsel informed us that Plaintiff would oppose this motion for the reasons set forth in its letter filed on May 15, 2025.

Rule 42(b)(2) permits an appellant to dismiss its appeal by motion. Defendants, as the Appellants, seek to do so here.  The temporary restraining order from which Defendants appealed contains two related parts.  It ordered the U.S. Agency for Global Media to (1) "immediately enter into a grant agreement with [Plaintiff] covering April 2025 under the same terms and conditions applicable to the most recent master grant agreement between the parties, in materially identical terms to the agreement between the parties pertaining to March 2025" and (2) "immediately disburse [Plaintiff's] April funding in the amount of $12,178,590."  Stay Mot. Add. 22.  The motions panel issued a stay of that order, but the en banc Court subsequently issued an

administrative stay. The government accordingly disbursed the April funding, such that both mandates of the district court's order have been fulfilled. The government no longer wishes to appeal that order.

The government indicated in a letter to this Court that its appeal was moot and that it planned to move to dismiss. Plaintiff disagrees that the case is moot, noting that "the district court has not yet ruled on a preliminary injunction and [Plaintiff] may therefore need to seek a TRO for May similar to the April TRO." May 15 Letter at 1-2. This Court need not decide whether the case is moot or not; the only question before the Court involves whether the government should be allowed to dismiss its own appeal, which it plainly should be able to do regardless of whether the case is technically moot.

But in any event, Plaintiff is wrong. Ungranted relief that is currently pending before the district court is inapposite to the order that is on appeal. As Plaintiff acknowledges, the relief sought in its preliminary injunction motion, which requests relief beyond April, necessarily requires a ruling from the district court. If the district court

2

does rule on the motion and enter a preliminary-injunction order, then further review of that order will necessarily require a new appeal.[1]

There is no basis whatsoever to compel the government to continue to litigate an appeal that it no longer wishes to pursue. Plaintiff does not explain why the government should be forced to do so, and instead appears to be seeking to keep the appeal alive in order to obtain an advisory opinion from the en banc Court on the appropriateness of the stay order on the theory that it may be relevant to further proceedings. Plaintiff is not entitled to such an advisory opinion in the government's appeal. Plaintiff's alternative request that the Court vacate the stay order if it concludes that the appeal is moot is also self-defeating; as explained above, the Court need not resolve the mootness question to allow the government to dismiss its own appeal, and even if the case were not moot, an order granting a stay pending appeal would expire on its own terms once the appeal was dismissed.

---

[1] Indeed, on May 20, Plaintiff moved for a temporary restraining order for May funds in district court.

3

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney*
    *General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney*
    *General*

MARK R. FREEMAN

*s/ Daniel Tenny*
DANIEL TENNY
ABIGAIL STOUT
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

MAY 2025

4

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 574 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Daniel Tenny*
Daniel Tenny