ORAL ARGUMENT NOT YET SCHEDULED
No. 25-5158

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

RFE/RL, INC.,
*Plaintiff-Appellee,*

v.

KARI LAKE, *et al.*,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia,
No. 1:25-cv-799
The Hon. Royce C. Lamberth, U.S. District Judge

## PLAINTIFF-APPELLEE'S RESPONSE TO DEFENDANTS-APPELLANTS' MOTION FOR VOLUNTARY DISMISSAL

May 28, 2025

David M. Zionts
Marney L. Cheek
Thomas Brugato
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
dzionts@cov.com

*Counsel for Plaintiff-Appellee
RFE/RL, Inc.*

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................1

ARGUMENT .........................................................................................2

I. The Court Should Not Grant The Government's Motion To Voluntarily Dismiss Until After It Decides RFE/RL's *En Banc* Petition. ...............................................................................2

II. In the Alternative, the Court Should Vacate the Motions Panel's Stay Decision If It Does Not Resolve the *En Banc* Petition..................................................................................9

CERTIFICATE OF COMPLIANCE ......................................................16

CERTIFICATE OF SERVICE...............................................................17

# INTRODUCTION

RFE/RL does not seek to "compel the government to litigate an appeal it no longer wishes to pursue." Opposed Mot. Voluntary Dismissal ("Mot.") 3. Indeed, RFE/RL does not oppose the Court dismissing this appeal—*after* issuing a decision on the fully briefed *en banc* petition requesting reconsideration of the motions panel's stay decision. Thus, rather than "compel" the government to do anything, RFE/RL simply asks the *en banc* Court to resolve the question the *government* asked this Court to decide before its change of heart. Courts have denied motions to voluntarily dismiss appeals where the appellant appears to be engaged in gamesmanship to avoid an anticipated unfavorable ruling, and where the court has already invested judicial resources into adjudicating the issue before it. Both circumstances are present here and both weigh in favor of this Court resolving the pending *en banc* petition in this appeal, and only *then* granting the government's requested dismissal. Doing so would also be in the interest of judicial economy, since if the *en banc* Court does not provide guidance in this appeal on the fully-briefed petition, the matter will almost certainly come right back to this Court.

# ARGUMENT

I. **The Court Should Not Grant The Government's Motion To Voluntarily Dismiss Until After It Decides RFE/RL's *En Banc* Petition.**

Although Rule 42(b)(2) *permits* this Court to dismiss an appeal on an appellant's motion, it does not *require* it. *See* Fed. R. App. P. 42(b)(2) ("An appeal *may* be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." (emphasis added)); 16AA Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3988 (5th ed.) (noting "caselaw suggesting a measure of discretion" in Rule 42(b)(2) dismissals). There is a presumption in favor of dismissal, but "the procedure is not automatic." *Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004) (per curiam). Thus, courts have denied Rule 42(b)(2) motions when doing so is "in the interest of justice or fairness." *Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Env't Prot.*, 31 F.3d 18, 22 (1st Cir. 1994); *see also, e.g.*, *HCA Health Servs. of Va. v. Metro. Life Ins. Co.*, 957 F.2d 120, 123 (4th Cir. 1992) ("[C]ourts of appeal have the discretionary authority not to dismiss the case in appropriate circumstance."); *Shellman v. U.S. Lines, Inc.*, 528 F.2d 675, 678 (9th Cir. 1975)

("[C]ircumstances may arise which demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss.").

The interests of justice are best served by allowing this appeal to proceed until the *en banc* Court acts on the pending petition for two reasons.

*First*, granting the government's motion before resolving the pending *en banc* petition would reward apparent gamesmanship by the government. It was the government, not RFE/RL, that sought a stay from this Court on the grounds that the district court's order directing it to enter into a grant agreement for April 2025 had ongoing effects. Emergency Mot. Administrative Stay & Stay Pending Appeal 24 ("In short, the order puts a judicial thumb on the scale and gives Radio Free Europe a bargaining chip—a court order—in the ongoing negotiations."). And it was the government that urged this Court to grant a stay of the district court's order requiring it to enter into a short-term grant agreement even *after* it had already "complied with the requirement [to] enter into a new agreement," representing to the Court that this order "could have a continuing effect on the relationship between the parties." Appellants' Resp. Emergency Pets. Initial Hr'g En Banc & Rehr'g En

3

Banc 3. Indeed, neither the government, nor the motions panel, nor the *en banc* Court raised any mootness concerns in the two weeks before the government's volte-face. *See* Letter, May 14, 2025; Order, May 1, 2025; Order, May 7, 2025.

It was only after the *en banc* Court granted an administrative stay, —that is, reached an outcome *un*favorable to the government—that the government reversed course without explanation and informed the Court that it intended to voluntarily dismiss the appeal on mootness grounds. *See* Letter, May 14, 2025. But, as RFE/RL has noted, the government had previously asserted that the portion of the district court's order directing the government to enter into an April agreement was *not* moot. *See* Resp. Letter, May 15, 2025. Perhaps recognizing its self-contradiction (though still without acknowledging it), the government has backed away from its newly raised mootness argument, and now simply insists it can "dismiss its own appeal." Mot. 2 ("This Court need not decide whether the case is moot or not; the only question before the Court involves whether the government should be allowed to dismiss its own appeal, which it plainly should be able to do regardless of whether the case is technically moot.").

The most striking thing about the government's motion is that it says *nothing* about why it "no longer wishes" to pursue its appeal. Mot. 2. The only apparent explanation for the government's flip-flop is that it wanted a stay decision when it expected a favorable decision (since at the relevant time the motions panel had already granted a stay in the related appeals), but no longer wants a stay decision now that it seemingly fears an unfavorable decision (perhaps in light of the administrative stay entered by the *en banc* Court). To be clear, RFE/RL is making no prediction about the *en banc* Court's ultimate decision on the pending petition. But what is inescapable is that the government appears to be making a prediction and acting tactically on that basis.

The gamesmanship here is even more problematic than that, because the government has signaled that it intends to rely on the panel stay decision going forward. Its motion opposes vacatur of that decision. And in the district court, since filing its motion to dismiss this appeal, the government has cited the panel stay decision as support for its request that the district court deny RFE/RL's currently pending request for emergency relief (a request that the district court enter an order covering RFE/RL's May funding that would be materially identical to the

order covering April funding). *See* Mot. for Further TRO, *RFE/RL, Inc. v. Lake*, No. 25-cv-00799 (D.D.C. filed May 20, 2025), ECF 56. In the government's opposition to RFE/RL's motion for its May funds, filed *after* its motion to voluntarily dismiss the appeal, the government repeatedly cited to the administratively stayed panel opinion to argue that RFE/RL's motion should be denied. *See* Opp. at 2, 4, *RFE/RL, Inc. v. Lake*, No. 25-cv-00799 (D.D.C. filed May 23, 2025), ECF 57.

The upshot is that the government disclaimed mootness concerns when it anticipated a favorable panel decision, and now after the *en banc* Court has been seized of the matter for some time, it seeks to preserve that favorable panel decision, evade *en banc* review, prevent RFE/RL from seeking further review simply by dismissing its own appeal, and then continue using that insulated-from-further-review panel decision against RFE/RL. The Court should not reward such transparent gamesmanship by the government. In these circumstances, not granting the motion to dismiss the appeal until after the *en banc* Court rules on the pending petition is entirely appropriate. *See, e.g.*, *In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir. 2015) (denying a 42(b)(2) motion because of concern that the defendants were acting "strategically" and

"should not [have been] able to circumvent" the panel's decision.); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004), *as amended* (Apr. 12, 2004) (rejecting a stipulation between the parties for dismissal because of concerns that one party was "trying to avoid having th[e] Court rule on [an] issue"); *United States v. Wash. Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) (noting that denying a motion to dismiss may be appropriate if "it appeared that an appellant sought dismissal for the purpose of evading appellate determination of certain questions in order to frustrate court orders in the continuing litigation").

*Second*, not granting the government's motion until after the *en banc* petition is decided would serve judicial economy because the Court has likely already invested substantial resources into adjudicating the stay motion and RFE/RL's *en banc* petition. After the motions panel granted an administrative stay on May 1, and issued a stay decision in related appeals on May 3, RFE/RL petitioned the *en banc* Court on an emergency basis on May 4. It is now over three weeks later, and the *en banc* Court is still considering RFE/RL's petition after granting an administrative stay on May 7. While RFE/RL does not presume to know the status of the Court's deliberations, under the circumstances it

appears likely that the Members of the full Court have already invested significant time and attention into the pending petition, prior to the government's unexplained assertion that it "no longer wishes" to appeal. Mot. 3.

The Court should not abandon this investment of judicial resources and instead should proceed to a decision on the pending petition. *See, e.g.*, *In re Nexium*, 778 F.3d at 2 (denying a 42(b)(2) motion and stressing the investment the court had made); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (denying a 42(b)(2) motion because the court "already had invested substantial work on the appeal"); *Albers*, 354 F.3d at 646 (denying a 42(b)(2) motion "so that the investment of public resources already devoted to this litigation will have some return").

That is particularly appropriate here, where pending before the district court are two motions for emergency relief raising similar issues as the district court's order regarding RFE/RL's April funds, including a request for a materially identical order for RFE/RL's May funds. *See* Mot. for Prelim. Injunction, *RFE/RL, Inc. v. Lake*, No. 25-cv-00799 (D.D.C. filed Apr. 22, 2025), ECF 41; Mot. for Further TRO, *RFE/RL, Inc. v.*

*Lake*, No. 25-cv-00799 (D.D.C. filed May 20, 2025), ECF 56. Allowing the *en banc* Court to address the pending petition will thus serve the interest of judicial economy, rather than force the Court to address these issues anew if and when orders deciding those two motions are appealed.

Accordingly, the Court should not grant the government's motion to dismiss until after it resolves the pending *en banc* petition. RFE/RL has no objection to the Court granting the government's motion and dismissing the appeal *after* the *en banc* Court has resolved the fully-briefed *en banc* petition and stay motion.

## II. In the Alternative, the Court Should Vacate the Motions Panel's Stay Decision If It Does Not Resolve the *En Banc* Petition.

If this Court decides to grant the government's motion to dismiss the appeal before resolving the *en banc* petition, it should at minimum also vacate the panel stay decision. The "decision whether to vacate turns on the conditions and circumstances of the particular case" "[b]ecause this practice is rooted in equity." *Azar v. Garza*, 584 U.S. 726, 729 (2018) (cleaned up). Allowing the government to retain a favorable decision would be inequitable: Where a party "obtain[s] a favorable judgment" and "take[s] voluntary action that moots the disputes," it "would certainly be

9

a strange doctrine that would permit" the party to "retain the benefit of the judgment."[1]  *Id.* (cleaned up).  Moreover, "[a] party who seeks review of the merits of an adverse ruling"—at this stage, RFE/RL—"but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).  These principles instruct that vacatur of the panel opinion is appropriate here.

There is also a compelling practical reason to vacate the panel opinion: it may have preclusive effect requiring the district court to deny RFE/RL's pending requests for emergency relief.  Ordinarily, "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial *on the merits*."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added).  But some courts have held that a court of appeals decision concerning emergency relief is "binding on further requests for emergency relief."  *Ala. Ass'n of Realtors v. HHS*, 557 F. Supp. 3d 1, 8 (D.D.C. 2021); *see also E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 660 (9th Cir. 2021) (suggesting that a

---

[1] While this appeal is not moot, the same logic should apply to voluntary action to directly dismiss an appeal, as opposed to indirectly causing dismissal of an appeal by rendering it moot.

"published motions panel order [on a stay] may be binding as precedent for other panels deciding the same issue"). Their rationale is that "whether a movant is likely to succeed on the merits" is the "same question" for law-of-the-case purposes in a case with multiple requests for emergency relief. *Ala. Ass'n of Realtors*, 557 F. Supp. 3d at 8. Likewise, the government has taken the position before this Court in another case that the decisions of a motions panel regarding emergency relief are the law of the case in a subsequent phase of the litigation "once again seeking emergency relief pending appeal." Response in Opp. to Pls.' Mot. to Vacate at 14, *Ala. Ass'n of Realtors v. HHS*, No. 21-509, Doc. #1910380 (D.C. Cir. filed Aug. 16, 2021).

Thus, as the Sixth Circuit has explained, it is entirely appropriate to vacate an order regarding emergency relief where even "a moot preliminary injunction can have a preclusive effect on future litigation." *Mktg. Displays Int'l v. Shaw*, 93 F.4th 967, 972 (6th Cir. 2024). The Sixth Circuit in *Shaw* pointed to an earlier ruling in *Ohio v. United States Environmental Protection Agency*, 969 F.3d 306, 310 (6th Cir. 2020), as an illustration of such a situation.

In *Ohio*, the district court had denied the plaintiff's motion to preliminarily enjoin an EPA regulation, but while that denial was pending review on appeal, the EPA repealed and replaced the challenged regulation, rendering the challenge moot. *See Shaw*, 93 F.4th at 972 (citing *Ohio*). After dismissing the case as moot, the Sixth Circuit "vacated the district court's preliminary injunction order," on the basis that "it was 'reasonably likely' the new regulation would be enjoined nationwide, causing the [originally challenged] 2015 regulation to take effect again." *Id.* Were the original regulation to then go back into effect, "the district court's original order might have precluded plaintiffs from resuming their quest for a preliminary injunction" – an unfair result given that plaintiffs might have ended up "estopped by an order they couldn't challenge on appeal." *Id.* The potential unfairness of an unappealable emergency relief order with preclusive effect likewise supports vacatur here.

This risk is not merely hypothetical: As noted above, the government has *already* invoked the panel stay decision in opposing RFE/RL's pending requests for emergency relief before the district court. Given that the government itself appears to view the panel stay decision

12

as helpful to its future litigation strategy in this case, it should not be permitted to evade *en banc* rehearing of that decision via voluntary dismissal and *also* preserve that decision for future offensive use. The possible preclusive effect of the panel majority's decision thus supports vacatur. *See Hall v. CIA*, 437 F.3d 94, 99–100 (D.C. Cir. 2006) ("The normal principle is that when mootness results from unilateral action of the party who prevailed below, the moot judgment should be vacated lest the losing party, denied an opportunity to appeal by its adversary's conduct, should later be subject to the judgment's preclusive effect.").

Moreover, the inevitable result of such an outcome would be to end up right back in the procedural posture the case is in now—with RFE/RL seeking *en banc* review of a future stay decision. Given RFE/RL's recurring monthly need for its congressionally appropriated funds, the matter will surely again arise in an emergency posture requiring the *en banc* Court to decide the issues on a compressed timeframe. This time, however, the *en banc* Court has "pushed pause to allow further consideration of litigation that has developed at breakneck speed." *Middle E. Broad. Networks, Inc. v. United States*, No. 25-5150, Doc. No. 2115063 at 4 (D.C. Cir. filed May 9, 2025) (Pillard, J., concurring in the

13

*en banc* order entering an administrative stay). Thus, the *en banc* Court now has the time necessary to provide a reasoned decision on the important issues presented here.

Finally, there is no harm to the government from at minimum vacating the panel opinion. According to the government, "an order granting a stay pending appeal would expire on its own terms once the appeal was dismissed." Mot. 3. Given that the government is currently speaking out of both sides of its mouth in this Court and the district court, this carefully worded position is not alone enough to provide reassurance. But to the extent the government really means to represent that it does not wish to preserve the panel stay decision for future offensive use—because it will "expire" upon the appeal's dismissal, Mot. 3—it cannot be harmed by an order vacating the decision to eliminate any doubt on this point.

## CONCLUSION

For the foregoing reasons, RFE/RL respectfully requests that the Court not grant the government's motion to dismiss the appeal until after ruling on RFE/RL's pending *en banc* petition and the government's associated stay motion. RFE/RL has no objection to the Court granting

voluntary dismissal of the appeal after the *en banc* Court makes its decision. In the alternative, should the Court decide to grant the government's motion to dismiss the appeal without resolving the pending *en banc* petition, RFE/RL respectfully requests that the Court at minimum vacate the panel stay decision.

Respectfully submitted,

May 28, 2025

*/s/ David M. Zionts*
David M. Zionts
Marney L. Cheek
Thomas Brugato
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
dzionts@cov.com
mcheek@cov.com
tbrugato@cov.com

*Counsel for Plaintiff-Appellee RFE/RL, Inc.*

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d) because it contains 2,954 words, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f). This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this response has been prepared in Microsoft Word using proportionally spaced, 14-point Century Schoolbook font.

May 28, 2025

*/s/ David M. Zionts*
David M. Zionts
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-600
dzionts@cov.com

*Counsel for Plaintiff-Appellee
RFE/RL, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on May 28, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

|  |  |
|---|---|
| May 28, 2025 | */s/ David M. Zionts* <br> David M. Zionts <br> COVINGTON & BURLING LLP <br> 850 Tenth Street, NW <br> Washington, DC 20001 <br> (202) 662-600 <br> dzionts@cov.com <br><br> *Counsel for Plaintiff-Appellee RFE/RL, Inc.* |